Arguijo-Anariba v. Barr

BIA
Straus, IJ
A206 625 565

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand nineteen.

PRESENT:
JOHN M. WALKER, JR.,
ROBERT D. SACK,
REENA RAGGI,
*Circuit Judges.*

_____

SONIA ARGUIJO-ANARIBA,
*Petitioner,*

v.                                          17-149
NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:            Robert C. Ross, West Haven, CT.

FOR RESPONDENT:            Chad A. Readler, Acting Assistant
                           Attorney General; Paul Fiorino,
                           Senior Litigation Counsel; Deitz
                           P. Lefort, Trial Attorney, Office
                           of Immigration Litigation, United
                           States Department of Justice,
                           Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sonia Arguijo-Anariba, a native and citizen of Honduras, seeks review of a BIA decision affirming an Immigration Judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sonia Arguijo-Anariba,* No. A206 625 565 (B.I.A. Dec. 20, 2016), *aff'g* No. A206 625 565 (Immig. Ct. Hartford May 16, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The BIA declined to reach the IJ's adverse credibility determination, and we review only the determination made by the BIA. *See Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Therefore, we will assume, as the BIA did, petitioner's credibility. Applying well-established standards of review, *see* 8 U.S.C. § 1252(b)(4)(B), *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009), we identify no error in the agency's determination that Arguijo-Anariba failed to establish past persecution or a well-founded fear of future persecution on account of a protected ground.

2

Arguijo-Anariba had to demonstrate that she experienced past persecution or feared future persecution on account of her "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1158(b)(1)(B)(i); *id.* § 1231(b)(3)(A). Asylum or withholding of removal "may be granted where there is more than one motive for mistreatment, as long as at least one central reason for the mistreatment is on account of a protected ground." *Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014) (internal quotation marks omitted). Harm motivated purely by wealth is not based on a protected ground. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73–74 (2d Cir. 2007). An applicant asserting persecution based on a protected ground "must provide *some* evidence of [a persecutor's motives], direct or circumstantial." *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (emphasis in original); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 291 (2d Cir. 2007).

Arguijo-Anariba sought asylum and withholding of removal based on her membership in two asserted social groups: landowners and female heads of households. Even assuming that these groups are cognizable under 8 U.S.C. § 1158(b)(1)(B)(i), the agency reasonably determined that

3

Arguijo-Anariba failed to demonstrate that her membership in those groups motivated the alleged harms. Specifically, she offered no direct or circumstantial evidence to demonstrate that she was, or will be, targeted based on her status as a landowner or as a head of household. *See I.N.S. v. Elias-Zacarias*, 502 U.S. at 483; *see also Ucelo-Gomez v. Mukasey*, 509 F.3d at 73 ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group'").

Because Arguijo-Anariba failed to demonstrate past persecution or a well-founded fear of future persecution on account of a protected ground, the agency did not err in denying her asylum and withholding of removal. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *id*. § 1231(b)(3)(A). Arguijo-Anariba does not challenge the agency's denial of CAT relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                         FOR THE COURT:
                         Catherine O'Hagan Wolfe
                         Clerk of Court